## MAGNOLIA PETROLEUM CO. et al. v. JEFFERSON COUNTY EXCISE BOARD et al.

No. 29113. May 9, 1939.

W. H. Francis, H. W. Williams, and Blakeney, Wallace, Brown & Blakeney, for plaintiffs in error.

Victor Eckler, County Attorney, for defendants in error.

WELCH, V. C. J. Joint School District No. 65 lies partly in Jefferson county and partly in Carter county, mostly in the latter county. Its annual budget for operating expenses for the year 1938-39, as originally approved by the excise board of Carter county, called for a levy of 17 mills. That levy was legal and proper in that portion of the district lying in Carter county, as the voted mill levy, together with the allocation of levy there, equaled 17 mills. But in Jefferson county the allocation of levy to school districts, plus the voted levy there, amounted to only 15 mills. The 17-mill levy for this district was extended in both Carter and Jefferson counties. This protest attacks the excessive levy of 2 mills in that portion of this district lying in Jefferson county.

In Jefferson county the limit of levy allocated to school districts was 5 mills, and the school district voters adopted an extra 10-mill voted levy. It seems clear that no levy could be extended in Jefferson county in excess of 15 mills, as that was the maximum levy authorized and permitted by the Constitution. Section 9, art. 10, as amended in 1933.

In denying the 2-mill protest in Jefferson county the tax court assumed that the original estimate approved by the excise board of Carter county would be controlling. That might be true if the estimate approved did not require any levy in excess of the constitutional and statutory limit of levy. But that approval could not authorize and validate a levy in excess of the constitutional limit of levy.

It is suggested that the decision of the Court of Tax Review is supported by our former decision in Tulsa County v. Texas Empire Co., 180 Okla. 287, 68 P.2d 861. However, that decision is not in point here. It would be in point if we were here considering a protest against the levy extended in Carter county, but there is no such protest. We are here considering only a protest against the excessive 2-mill levy in Jefferson county. In sustaining that protest we apply the underlying principle of the Tulsa County Case above cited, that is, the legality of levy is tested by the allocation of limit of levy in the county in which the levy is extended, that is, in the county affected.

The levy here involved, being the levy extended over that part of this district lying in Jefferson county, was 2 mills more than could be levied and remain within the constitutional and statutory limits of levy. When any levy exceeds the constitutional limit of levy, the excess thereof must be stricken on protest.

The judgment of the Court of Tax Review denying this protest is reversed, and the protest of the excessive 2-mill levy in Jefferson county is sustained.

RILEY, OSBORN, CORN, GIBSON, and HURST, JJ., concur, BAYLESS, C. J., and DAVISON and DANNER, JJ., absent.